IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LISA D. TILLMAN | ) | Case No. 08-51087 |
| | ) | |
| Debtor. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| DONALD D. VUNCANNON and | ) | |
| MARY B. VUNCANNON, | ) | |
| | ) | Adv. No. 09-06028 |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| JOHN PAIT & ASSOCIATES | ) | |
| | ) | |
| Defendant. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

## MEMORANDUM OPINION

This matter came before the Court on February 22, 2010, for trial in the above-referenced adversary proceeding. The above-referenced plaintiffs (the "Plaintiffs") were represented by Bryce B. Mayberry, and the above-referenced defendant (the "Defendant") was represented by Stanley E. Speckhard.

At trial, the Defendant conceded liability, so the only remaining issue is the proper amount of damages. The facts of this case are straightforward. The Defendant was retained by the Chapter 7 Trustee to sell personal property located in various condominiums owned by Lisa Tillman, the above-referenced debtor (the "Debtor"). Prepetition, the Plaintiffs had purchased from the Debtor a certain condominium located at 3630-A Morris Farm Drive, Greensboro, North Carolina (the "Condo") for the purpose of renting it as a fully-furnished executive suite at the price of $1,700 per month. The Defendant, without the instruction of the Trustee or any

order from this Court, mistakenly sold the contents of the Condo, believing that the property still belonged to the Debtor. The proceeds from the sale were $1,626.50.

At trial, the Plaintiffs requested the following damages: $2,206 for wages to an interior designer hired to refurnish the property; $1,145 for repairing damage done to the Condo; $5,100 for lost rent; and $25,449 for replacing the contents of the Condo. Thus, the Plaintiffs requested total damages of $33,900. The Defendant argued the damages should be as follows: $1,103 for the interior designer; $1,145 for repairing damage done to the Condo; $2,550 for lost rent and $1,950 for the fair market value of the contents of the Condo. Thus, the Defendant requested that the Plaintiffs recover total damages of $6,748.

The burden of proof is on the Plaintiffs, White v. Thompson, 676 S.E.2d 104, 109 (N.C. Ct. App. 2009), who failed to produce certain invoices for replacement furniture and other contents that they purchased. The Plaintiffs also failed to produce pictures of the inside of the Condo, both before the Defendant sold the contents and after the replacement contents had been installed. The Plaintiffs produced a partial list of the items sold by the Defendant but made no attempt to compare that list to a list of items that they purchased.

Generally, the measure of damages for injury to personal property is the difference between its fair market value immediately before and immediately after the injury. Heath v. Mosley, 209 S.E.2d 740 (N.C. 1974); Roberts v. Freight Carriers, 160 S.E.2d 712 (N.C. 1968); Givens v. Sellars, 159 S.E.2d 530 (N.C. 1968). However, in this context, that measure of damages would not adequately compensate the Plaintiffs. See 18 Am. Jur. 2d Conversion § 153 ("articles held for the owner's comfort and well-being, such as household furniture, . . . cannot be said to have a market value which is fairly indicative of their real value to their owner and of his or her loss by being deprived of them, the owner is generally not required to accept as

compensation the secondhand value of such items"). Thus, this Court will look to a reasonable replacement value in determining the appropriate damages. See Appeal of AMP Inc., 215 S.E.2d 752, 767-68 (N.C. 1975)("Cost of replacement or repair, with suitable adjustments for the fact that the damaged or destroyed property was old and had depreciated in value, is perhaps, as previously noted, the most commonly considered factor in fixing value of personal property that has no market.").

Taking all of the evidence into account, it is therefor ORDERED, ADJUDGED, and DECREED that the Plaintiffs' damages are $25,048, consisting of $5,100 for three months of lost rent; $845 for repairing damage done to the Condo; $1,103 for the wages of the interior decorator; and $18,000 for the reasonable replacement cost of the contents of the Condo. The Court will enter judgment for the Plaintiff in the amount of $25,048.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LISA D. TILLMAN ) | Case No. 08-51087 |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| DONALD D. VUNCANNON and ) | |
| MARY B. VUNCANNON, ) | |
| ) | Adv. No. 09-06028 |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| JOHN PAIT & ASSOCIATES ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## **PARTIES OF INTEREST**

Bryce B. Mayberry, Esq.

Stanley E. Speckhard, Esq.